*Formatted for Electronic Distribution*                                                                                                      *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

**PHILLIP J. SENTNER, II**                                                                                                       Chapter 7 Case
                 Debtor.                                                                                                                  # 04-11466

_____

**DOUGLAS J. WOLINKSY, as Chapter 7
Trustee for the Bankruptcy Estate of Phillip J.
Sentner, II,**                                                                                                                                      Adversary Proceeding
                Plaintiff,                                                                                                                 # 05-01031

    v.

**ALEXANDRA EVANS,**
                Defendant.

_____

| | | |
|---|---|---|
| *Appearances:* | Keith A. Roberts, Esq. | Kathleen Walls, Esq. |
| | Primmer Piper Eggleston & Cramer, P.C. | Glinka & Walls, PC |
| | Burlington, Vt. | Middlebury, Vt. |
| | *For the Trustee-Plaintiff* | *For the Defendant* |

**Filed & Entered
On Docket
02/09/06**

### MEMORANDUM OF DECISION
### DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff Douglas J. Wolinsky, in his capacity as chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Phillip J. Sentner, II (the "Debtor"), initiated the instant adversary proceeding to avoid the Debtor's allegedly fraudulent pre-petition conveyance of property to the Defendant, Alexandra Evans. The Defendant has filed a Motion for summary judgment asserting that the Trustee's action must fail as a matter of law because if the transfer is avoided, then the Debtor and the Defendant hold the property as tenants by the entireties and accordingly, the property cannot be reached by any creditors other than the Debtor and Defendant's joint creditors, and no such creditors exist. In response, the Trustee argues that although the Debtor's individual creditors may not levy against property held as tenants by the entireties, those creditors do have the right to file a lien against entirety property and the conveyance of the property has therefore harmed the Debtor's creditors by depriving them of that opportunity and accordingly, that there is a legal basis for avoiding the subject conveyance.

      For the reasons set forth below, the Court denies the Defendant's motion for summary judgment.

### JURISDICTION

      The Court has jurisdiction over this adversary proceeding and the pending motion for summary judgment under 28 U.S.C. § 157(b)(2)(H).

## BACKGROUND FACTS

The pertinent facts are not in dispute. The Debtor and the Defendant were married in December 1988 and subsequently purchased a home in Peacham, Vermont as tenants by the entireties in 1996 (doc. # 12, Ex. 2, ¶¶1 and 2). The Debtor's interest in the home in Peacham, Vermont is the subject of this adversary proceeding and will be referred to as the "Property." In August 2003, the Debtor and the Defendant were experiencing marital difficulties and the Defendant asked the Debtor to give her a quit claim deed of his interest in the Property, which he did (doc. # 12, Ex. 2, ¶5). The Defendant did not file the deed in the land records until July 9, 2004 (doc. # 12, Ex. 2, ¶7). The Debtor filed a petition under chapter 7 on November 5, 2004 (the "Petition Date"). As of the Petition Date, the Debtor and the Defendant had no joint debt other than a home equity line of credit which has since been satisfied (doc. # 12, Ex. 2, ¶12). The Debtor filed for divorce on January 11, 2005 (doc. # 12, Ex. 2, ¶10) and the divorce was final on March 14, 2005 (doc. # 14, Ex. 1).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

## DISCUSSION

State law determines the relative ownership interests of the parties. See Butner v. United States, 440 U.S. 48, 55-56, 99 S.Ct. 914, 918 (1979). Under Vermont law, until extinguished, the real estate interest in the Property that was owned by the Debtor and the Defendant was held as a tenancy by the entirety and was actually two coincident ownerships of the entire fee interest; each spouse owned an

2

identical interest and the two interests were indivisible from each other. See Bellows Falls Trust Co. v. Gibbs, 148 Vt. 633 (1987) ("In Vermont, tenants by the entirety are viewed as being individually vested, under a legal fiction, with title to the whole estate. Neither spouse has a share which can be disposed of or encumbered without the joinder of the other spouse." (citation omitted)). The Defendant argues that because individual creditors may not levy upon an entirety interest, that only one joint creditor existed as of the Petition Date, and that creditor was subsequently paid in full, no creditors were impacted by the Property's transfer, and therefore, the Trustee's fraudulent conveyance action must fail as a matter of law. The Court disagrees.

While Vermont law makes clear that the undivided interest of one tenant by the entirety may not be reached by the sole creditors of that tenant, In re Cerreta, 116 B.R. 402, 405 (Bankr. D. Vt. 1990) (J. Conrad)( citing D'Avignon v. Palmisano, 34 B.R. 796, 798-800 (Bkrtcy.D.Vt.1982)), the Trustee accurately observes that the property may ultimately be reached by a patient judgment creditor. A final judgment in a civil action constitutes a lien on real property owned by the judgment debtor if recorded. 12 V.S.A. §2905. Although the creditor of one tenant may not levy upon property held by the entireties, there is nothing to prevent the filing of a judgment lien against the property. Id. at fn 5. It is immaterial that the Debtor and the Defendant had only one joint creditor as of the Petition Date. "Any act that has the effect of diminishing the value of the debtor's estate from the standpoint of creditors can be subject to a fraudulent transfer analysis." 5 Collier on Bankruptcy ¶548.01 (15th Rev. 2005). Even though the Debtor had limited property rights to the Property as a tenant by the entirety, his individual creditors could have filed a judgment lien against the Property if the Property had not been transferred. Thus, the transfer had the effect of diminishing the debtor's estate from the perspective of the Debtor's creditors. There appears to be no dispute that the Debtor had individual creditors as of the date the entirety was severed or the Petition Date.[1]

Since the Petition Date, the Debtor and the Defendant have divorced. Under Vermont law, the entireties estate was extinguished by virtue of the Debtor and Defendant's divorce. Stewart v. Bleau's Estate, 102 Vt. 273, 276, 147 A. 692 (1929). In the event the Trustee is able to avoid the Debtor's transfer of his interest in the Property to the Defendant, the Defendant and the Debtor would hold the Property as tenants in common. Id. The absence of any joint creditors is therefore immaterial. Thus, the Court finds that the Defendant is not entitled to judgment as a matter of law on the arguments asserted.

---

[1] The Parties have not addressed when the transfer occurred or when the tenancy in the entirety was first dissolved, however, based upon the record before the Court, it appears as though the transfer occurred on July 9, 2004. See 27 V.S.A. § 341. A determination of the actual date the tenancy by the entireties was extinguished in the Property is not material to the determination currently pending before the Court. To the extent the Parties intend to argue that a different date controls, they may do so at the trial on the merits.

3

## CONCLUSION

        Based upon the foregoing, the Court finds that although an individual creditor of the Debtor could not have levied on a lien against the Property as of the Petition Date, that individual creditor could have perfected a judgment lien.  Since the transfer deprived such a creditor of that ability, there is a sufficient basis for a cause of action under §548.  Further, since the Debtor and the Defendant have since divorced, in the event the Trustee is able to avoid the Debtor's transfer of his interest in the Property, the Defendant and the Debtor would hold the Property as tenants in common, rendering the current absence of any joint creditors irrelevant.  Therefore, the Defendant's Motion for Summary Judgment is denied.

        This constitutes the Court's findings of fact and conclusions of law.

                                                                                                       _____

February 9, 2006                                                             Colleen A. Brown
Rutland, Vermont                                                       United States Bankruptcy Judge